UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DERRICK LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | **2:20-CV-114** |
| | ) | |
| vs. | ) | |
| | ) | |
| KINGSPORT POLICE DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and a motion to appoint counsel [Doc. 3] with a supplement [Doc. 5].

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $400.00 filing fee, nor has be submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account. Instead, Plaintiff attached a document on which he wrote, "[t]his is the Commissary Account Application AO240 To procced in District Court without Paying Fees, or Costs" [Doc. 1, Ex. 1].

The Clerk is **DIRECTED** to send Plaintiff an inmate account form to be certified by the appropriate officer at his facility. Plaintiff is **DIRECTED** to show this order to that officer, i.e. the custodian of trust accounts at his current facility, who is **DIRECTED** to timely make a copy of

Plaintiff's inmate trust account statement, to complete and sign the certificate, and to provide Plaintiff with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff's complaint.

Plaintiff shall have thirty (30) days from the date of entry of this order to pay the full filing fee or to submit the necessary documents. Plaintiff is hereby **NOTIFIED** that if he fails to fully t and timely comply with this order, the Court shall presume that Plaintiff is not a pauper and shall order the case dismissed for want of prosecution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Therefore, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening. Accordingly, Plaintiff's motion to appoint counsel [Doc. 3] is **DENIED** without prejudice as premature.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE