UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| DERRICK LEWIS, | ) |
| Plaintiff, | ) 2:20-CV-114 |
| vs. | ) |
| KINGSPORT POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. [Doc. 72]. This matter is before the Court pursuant to 28 U.S.C. §636 and standing orders of the District Court. For reasons outlined below, this Court recommends the Motion be **GRANTED**.

**I.     BACKGROUND AND ANALYSIS**

The question before the Court is whether Plaintiff should be permitted to proceed with an appeal in forma pauperis. "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Flippin v. Coburnn*, 107 F. App'x 520, 521 (6th Cir. 2004); see also *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). All applications to proceed in forma pauperis must follow the procedures set out in Federal Rule of Appellate Procedure 24(a)(1), which states that a party who desires to appeal in forma pauperis must file a motion in the district court, and attach an affidavit that:

(A)     shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24 (a)(1).

Plaintiff has submitted an IFP Application along with an accounting of his inmate trust account which the Court has now reviewed. [Doc. 135]. Plaintiff also sets forth the issues he intends to present on appeal. After reviewing the documentation submitted by Plaintiff, the Court finds he lacks the financial resources to pay the costs associated with an appeal, but that fact alone does not determine whether Plaintiff should be permitted to proceed in forma pauperis.

The Court must also consider whether Plaintiff has satisfied the requirements of Rule 24(a)(1)(B) and (C). Pursuant to subsections (B) and (C), Plaintiff's Affidavit must not only indicate that he lacks the financial ability to pay the costs of an appeal but additionally should indicate he is entitled to redress and set forth the issues he intends to present on appeal. *See also* 28 U.S.C. § 1915(a) (1); *Scott v. Patrick,* No. 1:06-CV-568, 2007 WL 426519, at *1 (W.D. Mich. Feb. 2, 2007) (observing that "Section 1915(a)(1) requires an affidavit by [the appealing party] identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a person 'entitled to redress.'"). Here, Plaintiff asserts that the District Court erred in granting summary judgment to Defendants and in support argues that (1) he has been in custody since the events giving rise to this cause of action and for that reason has not had the financial resources to find certain witnesses and has been unable to access witnesses; (2) the affidavits and videos submitted by Defendants demonstrate that there is a genuine issue of material fact, making the grant of summary judgment to Defendants improper; (3) Plaintiff intended to use Defendants' sworn affidavits and videos to prove his claims because he was unable to provide his own evidence; (4) Defendants were granted a "walk over" due to Plaintiff not having

the means to fully support his claims; (5) the affidavits submitted by police officer Defendants establish that they deprived Plaintiff of constitutional rights while acting under the color of state and federal law; (6) the Kingsport Police Department has a reputation of applying excessive force and violating constitutional rights; and (7) the evidence Defendants submitted in support of their request for summary judgment actually proves their guilt.

The Court finds that Defendant has adequately set forth his issues for appeal and must now determine whether the issues raised in Defendant's affidavit were presented in good faith as required by Rule 24(a)(3). The Court notes that in reviewing the issues Defendant seeks to raise, it appears that his claims are unlikely to succeed on appeal; however, a poor chance of success is not enough to deprive a party of the right to proceed in forma pauperis on appeal under Rule 24. Rather, the Court must determine whether the proposed issues are raised in good faith. *Asamoah v. Sygma Network, Inc.*, No. 21-3286, 2021 U.S. App. LEXIS 29445 (6th Cir. Sep. 29, 2021) (holding that "[a]n appeal is not taken in good faith if is frivolous, i.e., it lacks an arguable basis in law or fact[,]" (citing *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962))).

Plaintiff contends that the District Court erred in granting summary judgment to Defendants. "Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Walker v. Kovacic*, 107 F.3d 12, at *1 (6th Cir. 1997) (table). Here, Plaintiff asserts that summary judgment was improper because there was a genuine issue a material fact and further states that such genuine issue is demonstrated by the affidavits and video evidence submitted by Defendants. Accordingly, the Court finds

Plaintiff's appeal is taken in good faith because he has set forth a claim which has an arguable basis in law or fact.

II. **CONCLUSION**

For reasons set forth above, the Court recommends that Plaintiff's Motion [Doc. 72] be **GRANTED**.[1]

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within **14 days** after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).